STATE OF MAINE *vs.* JAMES M. BUCK.

Kennebec. Opinion April 7, 1886.

*Indictment. Intoxicating liquors. License.*

In an indictment for maintaining a liquor nuisance, the fact that the defendant used a building for the illegal keeping and sale of intoxicating liquors was averred, with time and place, in the usual manner; but the allegation that he thereby rendered himself guilty of keeping a nuisance was made with the blank space for the time left unfilled. *Held,* that the indictment contained a legal and sufficient statement of the time when the offense was committed.

ON exceptions from the superior court.

An indictment for keeping a liquor nuisance. Verdict, guilty. The exceptions were to the ruling of the court in overruling a motion in arrest of judgment.

(Indictment.)

"State of Maine. Kennebec, ss. At the superior court, begun and holden at Augusta, within and for the said county of Kennebec, on the first Tuesday of December, in the year of our Lord one thousand eight hundred and eighty-four.

"The jurors for said state, upon their oath present that James M. Buck, of Augusta, in said county of Kennebec, at Augusta, in said county of Kennebec, on the third day of September, in the year of our Lord one thousand eight hundred and eighty-four, and on divers other days and times between said day and the day of the finding of this indictment, a certain building occupied by the said James M. Buck as a saloon, situated on Water street, in said Augusta, unlawfully did use for the illegal keeping and illegal sale of intoxicating liquors.

VOL. LXXVIII.　　13

" And so the jurors aforesaid, upon their oath aforesaid, do say and present that the said James M. Buck, in said county of Kennebec, on the said day of        in the year of our Lord one thousand eight hundred and eighty-four, and on divers other days and times between said day and the day of the finding of this indictment, unlawfully did keep and maintain a common nuisance against the peace of said state, and contrary to the form of the statutes in such case made and provided."

*W. T. Haines*, county attorney, for the state, cited : *State* v. *Lang*, 63 Maine, 215 ; Whart. Crim. Law, § 622 ; *Com.* v. *McKenney*, 14 Gray, 1.

*H. M. Heath,* for the defendant.

If an allegation has reference to the day of the finding of the indictment and not to the time of the offense, the indictment is insufficient. *State* v. *Thurstin*, 35 Maine, 206.

In *State* v. *Baker*, 34 Maine, 52, the allegation of time was " on or about " a specified day and it was held insufficient.

In *State* v. *Jackson*, 39 Maine, 291, two different dates were alleged in the indictment and all subsequent averments as to time were introduced by the use of the words " then and there," and it was held insufficient as it was uncertain to which time the word " then " would refer, citing *Jane* v. *State*, 3 Mo. 61.

In *State* v. *Hurley*, 71 Maine, 354, the court say, " where more times than one have been mentioned in the indictment, it is not sufficient to use the words ' then and there,' because it is uncertain to which of the times previously named they refer," citing 1 Bish. Crim. Pro. (2d ed.) § 414 ; *State* v. *Hill*, 55 Maine, 365. The same reasoning would apply when the words " said day " have been used following allegations of more times than one, as in the case at bar. It is uncertain whether the third day of September or first Tuesday of December is referred to.

In *State* v. *Day*, 74 Maine, 220, the foregoing cases are cited and approved.

The defective allegation in the indictment under consideration is found in what is properly the statement of the offense. What precedes it is only introductory and descriptive of the place.

WALTON, J.    The defendant has been tried on an indictment charging him with keeping a liquor nuisance, and found guilty by the verdict of the jury.    He moves in arrest of judgment on the ground that the indictment contains no definite allegation of the time when the offense was committed.

An examination of the indictment discloses the fact that one of the blanks intended for a date is left unfilled.    But this blank is in that portion of the indictment which characterizes the defendant's act and declares that it rendered him guilty of keeping a nuisance.    The fact that he used a building for the illegal keeping and sale of intoxicating liquors is averred, with time and place, in the usual manner.    But the allegation that he thereby rendered himself guilty of keeping a nuisance is made with the blank space for the time left unfilled.

It is the opinion of the court that the whole averment is immaterial and might have been left out without impairing the indictment.    It has no other effect than to notify the court of the legal consequences of the act already stated; and of this the court would take judicial notice without the averment.    It does not state a traversable fact, and being wholly immaterial, the omission to affix to it a date is unimportant.    Besides, the date is certain without being stated.    It is the illegal use of the building that constitutes the nuisance, and when the time of the former is stated, the time of the latter is made certain; for they are in point of time necessarily contemporaneous.

It is therefore the opinion of the court that the indictment does contain a legal and sufficient statement of the time when the offense was committed.                    *Exceptions overruled.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.